CHIEF JUSTICE WILLIAMS
delivered the opinion oe the court.
The mother of Mrs. Burton conveyed to her husband certain slaves in trust, to hold as her separate estate, and for her use, with power of sale by her with his consent. The husband and wife subsequently exchanged a portion of the slaves for a tract of land in Obion County, Tennessee, and the husband, as trustee, executed the note sued on for eight hundred and ninety dollars, as difference in value, and took the vendor’s title bond for a conveyance to himself as trustee for his wife. Afterward the husband and wife exchanged the Obion County land for a tavern-house, lot, and appurtenances in the town of Clinton, Hickman County, in this state, and assigned to Samuels, with whom they exchanged, the title bond for the land without disclosing the outstanding indebtedness therefor, so far as anything herein appears. Smith, the payee in the note, assigned it, and by successive assignments it came to the hands of appellants, who, on petition ordinary, obtained a personal judgment in the Hickman Circuit Court in this state against the husband alone, the wife not having signed it, and sued out execution, and had it levied on the tavern-house and lots, and purchased these at the execution sale, which was afterward set aside, at Mrs. Burton’s instance, and the levy, sale, and execution quashed.
Child, Pratt & Co. then filed this petition in equity to subject said tavern and lots to the payment of said debt; after which Burton and wife sold and conveyed the tavern property to Mrs. Buchanan and her husband, who sold and conveyed it to Davis.
*619 At the term of trial Buchanan and Davis presented their petition setting out their ownership, and asked to be made parties, which the court properly refused, because they were pendente lite purchasers, and bound by the judgment which might be rendered against their vendors; and even if admitted as parties, the suit should be dismissed, as to them. But the court erroneously dismissed appellants’ petition; hence they have a good cause of reversal.
If the note should be regarded as the personal obligation of Burton, still the vendor would have a lien upon the land for its payment — rather, could retain the title until it was paid — and Samuels, who conveyed the tavern property and received the land without knowledge of this indebtedness, could follow Burton’s interest of that much in the tavern, and so could the creditors who might resort to the vendors’ lien, or might follow Burton’s interest to that extent- in the Clinton property.
If the note be regarded, as the real transaction indicates, as a mere fiducial debt, and the trust property bound therefor, then in equity the wife must be regarded as the real and equitable debtor, and having received the full benefit of the debt by Samuels’s conveyance of the tavern and lots as a valuable consideration and not mere gratuity of the husband to her, the tavern property so received by her should be deemed as charged with tbe same trusts and burdens as the land which they gave for it.
This view of the subject also precludes her other defense, to-wit, that there was a deficiency in the land, and therefore she should be allowed for it by way of set-off or counter-claim. The transfer of the title bond to Samuels transferred all the rights of recovery of any and evexy character which Burton and wife had by reason of it, and whatever responsibility the obligor may be *620 •under as to title or quantity now belongs to Samuels; ana the only way to secure him in this right is to compel Burton and wife to pay this debt, and leave the obligors responsible to Samuels on the covenants of the bond unimpaired.
"Wherefore the judgment is reversed, with directions to subject the tavern-house and lots to the payment of appellant’s debt, and for such further proceedings as may be necessary for that purpose.